**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM FRANK GURRERI,** | : |
| **Plaintiff,** | : |
| | : CIVIL NO. 3:CV-07-2198 |
| v. | : |
| | : (JUDGE VANASKIE) |
| **ADAMS COUNTY PRISON,** | : |
| **Defendant.** | : |

**M E M O R A N D U M**

**I.   Introduction.**

Plaintiff, William Frank Gurreri, a former inmate at the Adams County Prison, Gettysburg, Pennsylvania, filed this civil rights action pro se, alleging that Adams County Prison officials were deliberately indifferent to his serious medical condition, rheumatoid arthritis of the knees, when they refused to assign him to a lower bunk.[1] On November 28, 2005, Gurreri slipped and fell while getting out of his top bunk.  Gurreri broke his hip in three places as a result of the fall.  (Dkt. Entry 1, Complaint.)  The sole named defendant is the Adams County Prison.  Along with his complaint, Gurreri has

---

[1] Gurreri is presently housed at the Dauphin County Prison, Harrisburg, Pennsylvania.

filed an application to proceed in forma pauperis. (Dkt. Entry 2.)[2]

Based on the request to proceed in forma pauperis, the complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915. After reviewing Gurreri's complaint, I am of the opinion that this case should be dismissed, without prejudice, but that Gurreri should be given leave to amend his patently deficient complaint with respect to his Eighth Amendment claim of deliberate indifference to his alleged serious medical need.

II.     **Standard of Review.**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of Plaintiff's complaint, the Court must accept the truth of the Plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(rejecting the "no set of facts" language

---

[2] Plaintiff completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on December 4, 2007, directing the Warden at the Dauphin County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account. (See Dkt. Entries 2, 4 and 5.)

from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Id. at 1964-65 (citation omitted).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.

      Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

**III.    Discussion.**

      Gurreri is challenging someone's decision to deny his request for a lower bunk designation based on his age and history of rheumatoid arthritis in his knees.  This constitutional claim is deficient as pled against the sole defendant, the Adams County

Prison. A prison or correctional facility is not a proper defendant in a civil rights action. See Phippen v. Nish, 223 Fed. Appx. 191, 192 (3d Cir. 2007), citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Pursuant to the above standards, the Adams County Prison is clearly not a "person" and may not be sued under § 1983.

To state a § 1983 claim, a plaintiff must plead that the conduct complained of was committed by a person acting under color of state law. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs ." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). See also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing Rode). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Rode, 845 F.2d at 1207-08. Moreover, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional

Facility, 318 F.3d 575, 582 (3d Cir. 2003).  See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  Negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

       Gurreri has not alleged facts sufficient to show the requisite culpable involvement of any person acting under color of state law.  Under these circumstances, this action cannot proceed.

       In the interests of justice to this pro se litigant, however, Gurreri will be granted twenty (20) days within which to submit an amended complaint.  Gurreri should identify those individuals he believes demonstrated deliberate indifference to his serious

medical needs when electing to deny him a lower bunk status.  He should state with specificity each named defendants' involvement in that decision.  Gurreri is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Failure to file an appropriate amended complaint will result in the dismissal of this action for failure to state a claim.

   An appropriate Order is attached.

                 **s/ Thomas I. Vanaskie**
                 Thomas I. Vanaskie
                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM FRANK GURRERI,** | : |
| **Plaintiff,** | : |
| | : **CIVIL NO. 3:CV-07-1044** |
| v. | : |
| | : **(JUDGE VANASKIE)** |
| **ADAMS COUNTY PRISON,** | : |
| **Defendant.** | : |

## O R D E R

**AND NOW**, this **17th** day of **JANUARY**, **2008**, for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. Gurreri's Motion for Leave to Proceed In Forma Pauperis (Dkt. Entry 2) is GRANTED.

2. Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Within twenty (20) days of the date of this Order, Gurreri may file an amended complaint.

4. Failure to file an amended complaint will result in the dismissal of this action, without prejudice.

                                                     **s/ Thomas I. Vanaskie**
                                                   Thomas I. Vanaskie
                                                   United States District Judge